## UNITED STATES v. FRISBEE et al.

### No. 313.

District Court, D. Montana,
Great Falls Division.

April 3, 1944.

John B. Tansil, U. S. Dist. Atty., of Billings, Mont., for plaintiff.

H. C. Hall, of Great Falls, Mont., and Lloyd A. Murrills, of Cut Bank, Mont., for defendants.

PRAY, District Judge.

The question before the court at this time in the above entitled cause is on the motion by plaintiff for a summary judgment.

This suit was brought by the plaintiff to quiet title to the lands described in the complaint, wherein through inadvertence and mistake on February 15th, 1930, a fee simple patent, numbered 1034812, to said lands, was issued to Amy Sherman, who was also known as Amy-Rides-at-the-door and Amy Running-fisher, under the name of Amy Running-fisher formerly Amy-Rides-at-the-door, wherein the alleged requirement of reservation of all of the mineral rights, including coal, oil and gas to the United States of America, for the benefit of the Blackfeet Tribe of Indians, was omitted, without authority of law, from the provisions of the said patent, all of which is alleged to be contrary to the terms of the Act of June 30th, 1919, 41 Stat. 17; the pertinent provisions of which are as follows: "* * * That any and all minerals, including coal, oil, and gas, are hereby reserved for the benefit of the Blackfeet Tribe of Indians until Congress shall otherwise direct, and patents hereafter issued shall contain a reservation accordingly * * *."

The patent in question was issued after the enactment of the above statute and without the reservation therein required. From a perusal of the complaint and answer it does not appear that any material question of fact remains to be considered and that only questions of law are now involved.

The court has examined the briefs of counsel for the respective parties and many of the numerous statutes and authorities, cited. It is the contention of counsel for plaintiff that the reservation, above cited in the Act of June 30th, 1919, should have been incorporated in the patent, and since the officers responsible failed in their duty to include the reservation in question in the patent at the time of issuance, the law it-

self becomes a part of the patent, and the reservations must be regarded the same as if incorporated therein.

Defendants admit the trust patent set forth in paragraph XI, but deny it was issued under the provisions of the Act of June 30th, 1919, 41 Stat. 17, but claim it was issued in accordance with the Act of Congress of February 8th, 1887, 24 Stat. 389, as amended by Act of March 3, 1901, 31 Stat. 1085, 25 U.S.C.A. § 348; that the officers had no authority to dispense with the Act of February 8th, 1887, as amended. Defendants contend that the terms and provisions of the Act of June 30th, 1919, respecting reservation of minerals, do not apply to general allotments of the Blackfeet Tribe of Indians, according to the provisions of said act, nor does the Act of March 1st, 1907, 34 Stat. 1015 (Kappler Vol. III, Indian Laws & Treaties, page 286) providing for either 320 acres of grazing land, or 280 acres of grazing land and 40 acres of irrigable land, but instead that the Act of June 30th, 1919, respecting reservation of minerals, including coal, oil and gas, applies only to the 80 acre homestead allotments provided for in said Act for all the members of the Blackfeet Tribe of Indians. Defendants therefore allege in their cross-complaint that reservations of minerals including coal, oil and gas contained in restricted fee patents numbered 866535 and 1018647 were erroneously included therein and without authority of law, wherefore defendants claim that the fee simple patent issued to Amy Sherman, No. 1034812, is good and valid, and so also is their title to the coal, oil and gas underlying the lands described therein.

The only question presented is whether the fee simple patent to Amy Sherman, to the lands in question, was lawfully issued under the general allotment act of February 8th, 1887, without the restrictions contained in the Act of June 30th, 1919. It also appears from paragraph XII of the complaint that on November 14, 1922, another patent, No. 887819, was issued to Emma-Rides-at-the-door, under the Act of June 30, 1919, containing the reservation aforesaid, although this particular piece of land is not involved in this suit.

■ It will be noted that all three patents contained the reservations required by the Act of June 30, 1919, having been issued subsequent to this Act. That the fee simple patent here in question was issued under authority of the general Indian Allotment Act of February 8th, 1887, is not a matter in dispute. This Act, which has been amended from time to time, provided for the allotment of lands of different acreage in severalty to the Indians of the several reservations. After considering the various Acts and authorities brought into the controversy the court is of the opinion that the Act of June 30th, 1919, became a part of the general allotment Act, and that all fee simple patents subsequently issued were required to contain a reservation of "any and all minerals, including coal, oil, and gas", for the benefit of the Blackfeet Tribe of Indians, until Congress shall otherwise direct; and then follows the concluding sentence which makes the requirement doubly mandatory: "and patents hereafter issued shall contain a reservation accordingly."

■■ The issuing of the patent without the reservations did not convey what the law reserved, and all persons are chargeable with notice thereof. United States v. Joyce, 8 Cir., 240 F. 610; Swendig v. Washington Water Power Co., 265 U.S. 322, 332, 44 S.Ct. 496, 68 L.Ed. 1036; Taylor v. Brown, 5 Dak. 335, 40 N W. 525; United States v. Hemmer, D.C., 195 F. 790, 801; Id., 204 F. 898, 901; Id., 241 U.S. 379, 36 S.Ct. 659, 60 L.Ed. 1055. From the authorities cited it appears that the act of the executive officers of the government issuing the patent without including the reservations aforesaid could not affect such reservations, and the purchasers were chargeable with knowledge of the limitations imposed upon the title by Act of Congress; and it was further held that the law becomes a part of the patent that no federal official can waive or render inoperative because of failure to incorporate the limitation or reservation in the patent.

There seems to be nothing ambiguous or uncertain about the provisions of the statute in question, nor doubt as to their applicability to the patent to the lands described in the complaint. Only questions of law are presented for consideration, and being duly advised, and good cause appearing therefor, in the court's opinion the motion of plaintiff for a summary judgment should be granted, and such is the order of the court herein.